GARRETT (ANDREWS v.). See Case No. 375.

GARRETT (ROBERTSON v.). See Case No. 11,924.

---

## Case No. 5,253.

### GARRETT v. WOODWARD et. al.

### GRAHAM v. SAME.

[2 Cranch, C. C. 190.][1]

Circuit Court, District of Columbia. Dec. Term, 1819.

DEPOSITIONS — CERTIFICATE OF MAGISTRATE—EVIDENCE OF CONTENTS OF PAPER IN DEFENDANT'S POSSESSION—PARTNERSHIP.

1. The magistrate who takes a deposition under the 30th section of the judiciary act of 1789 [1 Stat. 88] must certify that the deponent was "carefully examined, and cautioned, and sworn or affirmed, to testify the whole truth." It is not sufficient that he certify that previous to the taking of the deposition the deponent was by him carefully examined, cautioned, and affirmed, to testify the whole truth concerning all the matters touching which he should be questioned, although one of the interrogatories should be: "If you know any thing further, material to plaintiff or defendant in the cause, mention it and conceal nothing."

2. If the defendant will not, upon notice, produce at the trial a material paper, in his possession, the plaintiff may give parol evidence of its contents.

[See Bas v. Steele, Case No. 1,088.]

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

3. In an action brought to charge the defendant Y. as a secret partner with the other defendant W. after having given competent evidence to prove the partnership, the declarations of W. the ostensible partner may be given in evidence to show that the debt due to the plaintiff was a debt due by the partnership.

These suits were brought to charge the defendant Yerby, as a secret partner with the defendant Woodward.

The deposition of Anthony Elton, taken by the mayor of Philadelphia, under the 30th section of the judiciary act of 1789 (1 Stat. 88), was offered in evidence on the part of the plaintiff.

Mr. Jones, for defendant, objected to it, because the mayor had not certified that the deponent was "carefully examined, and cautioned, and sworn or affirmed to testify the whole truth." The mayor had certified that the deposition was taken upon the interrogatories thereunto annexed, the last of which was in these words: "If you know any thing further, material to plaintiff or defendant in the cause, mention it, and conceal nothing." He further certified that the deposition was reduced to writing by the witness and subscribed by him in his own handwriting, in his (the mayor's) presence; and that previous to the taking thereof the deponent was, by him, carefully examined, cautioned, and affirmed to testify the truth concerning all the matters touching which he should be questioned.

THE COURT (nem. con.) sustained the objection, and rejected the deposition.

The plaintiffs having given notice to both of the defendants to produce at the trial a paper purporting to be articles of copartnership between the defendants, and to be signed by both of them, and witnessed by a Mr. Lang, and having proved such a paper to have been in the possession of Woodward, one of the defendants, and the same not being produced, the plaintiffs offered to prove the contents by parol evidence.

Mr. Jones and Mr. Key, for defendant Yerby, objected that Yerby was charged as a dormant partner. That the defendant Woodward was interested and combined with the plaintiffs in the endeavor to establish the partnership; and that Yerby cannot be charged by the confessions or the acts of the other defendant until a partnership shall have been first proved.

THE COURT, however (CRANCH, Chief Judge, not concurring), permitted parol evidence to be given of the contents of the paper; and the defendant Yerby took a bill of exceptions.

The plaintiffs having given evidence of a partnership in the name and firm of Thomas Woodward, the confessions of the defendant Woodward were permitted by THE COURT to be given in evidence, to show that the debt due to the plaintiffs was a debt due from the partnership.

[See Case No. 13,129.]